# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-41445
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

FIDEL TORRES,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-1659-7

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:*

Fidel Torres, now federal prisoner # 47740-079, seeks leave to proceed *in forma pauperis* ("IFP") on appeal of the denial of his 18 U.S.C. § 3582(c)(2)

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41445

motion to reduce his sentence based on retroactive Amendment 782 to U.S. Sentencing Guidelines § 2D1.1.  By moving to proceed IFP, Torres is challenging the district court's certification that his appeal was not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

As Torres notes, the district court found him eligible for the reduction but declined to exercise its discretion to reduce the sentence, determining that relief was unwarranted based on the 18 U.S.C. § 3553(a) factors.  *See Dillon v. United States*, 560 U.S. 817, 827 (2010).  Torres contends that the court abused its discretion in denying a reduction based solely on petty disciplinary reports during his nine years of incarceration for nonviolent marihuana offenses.

The record reflects that in deciding not to exercise its discretion, the court considered Torres's motion as a whole, the probation officer's addendum, and the § 3553(a) factors.  Torres does not claim that the court abused its discretion by basing its decision on an error of law or a clearly erroneous assessment of the facts.  Thus, he cannot show an abuse of discretion.  *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011); *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009).

Torres has failed to show that he will raise a nonfrivolous issue on appeal.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, the motion to proceed IFP is DENIED.  Additionally, because the appeal is frivolous, it is DISMISSED.  *See* 5TH CIR. R. 42.2.